| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **WOLLMUTH MAHER & DEUTSCH LLP**<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br><br>**SKADDEN, ARPS, SLATE, MEAGHER &**<br>**FLOM LLP**<br>Allison M. Brown, Esq.<br>One Manhattan West<br>New York, New York 10001<br>Telephone: (212) 735-3222<br>Facsimile: (917) 777-3222<br>Email: Allison.Brown@skadden.com<br><br>*ATTORNEYS FOR DEBTOR* | |
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>              Debtor. | Case No.: 21-30589 (MBK)<br><br>Chapter 11<br><br>Judge: Michael B. Kaplan |
| LTL MANAGEMENT LLC,<br><br>              Plaintiff,<br><br>v.<br><br>DR. JACQUELINE MIRIAM MOLINE,<br><br>              Defendant. | Adv. Proc. No. 22-01393 (MBK)<br><br>**Hearing Date and Time:**<br>January 18, 2023 at 10:00 a.m. |

## PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANT'S MOTION TO EXTEND TIME

---

[1]      The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

In light of defense counsel's conflict, which is requiring him to withdraw from this matter, plaintiff does not oppose a 30-day extension for defendant to answer the Complaint or move to dismiss. That said: defendant should not be allowed to further delay production of the five-page "key" to her article. Accordingly, plaintiff respectfully requests that the Court order defendant to produce an unredacted copy of the document identifying the subjects of Dr. Moline's article, *Mesothelioma Associated with the Use of Cosmetic Talc* ("Moline Article"), or to produce other documents sufficient for plaintiff to identify them, at the time her answer would have originally been due.

Alternatively, defendant should be required to inform plaintiff by the end of the week whether the four additional talc plaintiffs identified in the Complaint are included in the Moline Article. These requirements would not impose **any** burden on defendant, and they would ensure that she and her counsel are not seeking delay solely to postpone the day of reckoning on the concealment of the subjects in the Moline Article.

At a minimum, the Court should not extend the time to respond to plaintiff's pending motion for expedited discovery of the five-page document.

## BACKGROUND

As the Court is aware, this case centers in large part on the Moline Article, a "scientific" study that Dr. Moline and her allies in the personal injury bar use to convince courts and the American public that cosmetic talcum powder is contaminated with asbestos and capable of causing mesothelioma. A federal court in North Carolina recently revealed that the central premise underlying the Moline Article is false, and that, contrary to the claims it makes, at least one of the 33 research subjects was exposed to asbestos from sources other than cosmetic talcum powder. *See Bell v. Am. Int'l Indus.*, No. 1:17CV111, 2022 WL 16571057 (M.D.N.C. Sept. 13,

2022).  Plaintiff has strong reasons to believe that the falsehoods extend well beyond the

individual identified in the North Carolina case, and that several other subjects were also

exposed to asbestos from other sources.  *See* Compl. ¶¶ 127-170; Pl.'s Mot. for Limited

Expedited Discovery, ECF No. 9 (Jan. 9, 2023).

In order to confirm whether this suspicion is correct, plaintiff filed a motion for expedited

discovery.  After that motion was filed, counsel for defendant requested a 30-day extension to

the deadlines both to answer the complaint and to oppose the motion for expedited discovery.

Plaintiff's counsel has agreed to a 30-day extension on defendant's responsive pleading in light

of the fact that defense counsel confirmed on the morning of January 17 that he has a conflict

and therefore must withdraw from representing Dr. Moline.  *See* Email from J. Pollock to A.

Brown (Jan. 17, 2023) (Ex. 1).[2]  Plaintiff's counsel opposes a 30-day extension on the opposition

to plaintiff's pending motion to expedite.

## ARGUMENT

Deadlines, including deadlines to respond to a complaint, are necessary "to secure the

just, **speedy**, and inexpensive determination" of a case.  Fed. R. Bankr. P. 1001 (emphasis

added).  Thus, they may be extended only "for cause shown."  Fed. R. Bankr. P. 9006(b)(1).  In

this case, just a week before defendant's response to the complaint was due, defendant moved

the Court to substantially enlarge her time to respond to both the complaint and the motion for

expedited discovery.  Granting both extensions without any conditions would allow defendant to

continue to conceal vital information about the subjects in the Moline Article and "actively

frustrate[] the search for the truth" that is the fundamental purpose of litigation.  *Williams v.*

---

[2]      References to attached exhibits correspond to the exhibits annexed to the declaration of
Paul R. DeFilippo, filed contemporaneously herewith.

*BASF Catalysts LLC*, 765 F.3d 306, 318 (3d Cir. 2014).[3]  If the Court is inclined to allow

additional time for Dr. Moline to move or answer, it should do so in a way that allows plaintiff's

request for tightly targeted discovery—limited to a single five-page document—to go forward.

Plaintiff has an urgent need to determine the scope of the misstatements in the Moline

Article.  Despite the revelations in *Bell*, lawyers for talc claimants continue to use the article to

attack the plaintiff.  Just last month, counsel for a claimant submitted an expert report ***to this***

***Court*** that relied on the Moline Article.  Compl. ¶ 86.  Without any way to determine how much

of the research sample Dr. Moline misrepresented, plaintiff is hamstrung in its ability to respond.

*Cf. Bell*, 2022 WL 16571057, at \*6-7 (explaining how protective order regarding article

hamstrung cross-examination).  Moreover, determining the truth behind the Moline Article as

soon as possible would allow the parties to this case to more effectively proceed with additional

discovery and with mediation.  Even more importantly, it would provide insights that could

prove highly relevant to resolving the broader bankruptcy, including the ongoing claims

estimation process.

By contrast, extending the time for defendant to respond to the motion for expedited

discovery would allow Dr. Moline to continue to conceal the truth.  Time and time again, Dr.

Moline has refused to answer questions about the participants in her study.  *See* Compl. ¶ 172.

And in *Bell*, when counsel for the plaintiff in that case learned that a document related to the

Moline Article had been released, counsel filed a motion not only to preclude further discovery,

but also to have all copies of the document "destroyed."  2022 WL 16571057, at \*2.  Counsel

also sent a threatening letter to Dr. Moline's employer for supposed HIPAA violations even

---

[3]      Notably, defendant's current counsel argued in *Williams* that courts have "equitable
power . . . to stop fraud."  Transcript of Oral Argument 16:5-7, *Williams v. BASF Catalysts LLC*,
No. 13-1089 (3d Cir. Mar. 13, 2014) (Ex. 2).

though the information was not HIPAA-protected **and** the plaintiff had signed a waiver.  *See*

Compl. ¶¶ 110-11.  And counsel withdrew Dr. Moline as an expert in the case rather than allow

any additional inquiry into her article.

This Court should put a stop to Dr. Moline's continuing quest to hide the truth.  The most

straightforward way to do so would be to extend defendant's time to file a responsive pleading,

to which plaintiff has agreed, but require that, in the interim, defendant produce the single five-

page document identifying the individuals who participated in the study—all of whom were

identified through litigation and thus chose to waive any privacy rights by putting their alleged

injuries at issue in a lawsuit.  Plaintiff could then determine how many had documented or

suspected asbestos exposures.  Producing the document would involve only a few minutes of

work, and it certainly would not require defense counsel to digest "the complexity of the

Complaint" or "the years-long prior procedural history" of talc litigation.  Mot. for Extension of

Time ¶ 6.  To the extent defendant claims she lacks possession of the five-page document, she

certainly has other documentation sufficient for plaintiff to identify the individuals in the study.

In the alternative, the Court should order defendant to identify whether any or all of the

four individuals whom plaintiff has identified as likely subjects, *see* Compl. ¶¶ 127-170,[4] are, in

fact, part of the Moline Article.  While this option would not allow plaintiff to investigate all the

potential falsehoods in the article, since there may be other subjects with alternative asbestos

exposure, it would at least provide some additional information that could further debunk Dr.

Moline's unscientific findings.

As another alternative, and at a minimum, the Court should deny the motion to the extent

it seeks additional time to oppose plaintiff's pending motion for limited expedited discovery.

---

[4]      Those individuals are Stephen Lanzo, Helen Kohr, Doris Jackson and Valarie Jo Dalis.

That discrete discovery issue is not complex (plaintiff's memorandum in support of the motion is

just over nine pages)[5] and certainly should not require a 30-day extension to brief.

## CONCLUSION

For the foregoing reasons, plaintiff does not oppose granting defendant 30 additional

days to file a responsive pleading, but the Court should either order defendant to provide limited

targeted discovery before she formally responds to the complaint or, at minimum, retain the

original deadlines for the pending motion for expedited discovery.

---

[5]      Defendant's counsel claims the motion is "over one-hundred (100) page[s]," Mot. for
Extension of Time ¶ 5, by counting the attached exhibits, which consist of two unpublished court
decisions, one brief in a related case and Dr. Moline's own article.

Dated: January 17, 2023                    Respectfully submitted,

                                           **WOLLMUTH MAHER & DEUTSCH LLP**

                                           */s/ Paul R. DeFilippo*
                                           Paul R. DeFilippo, Esq.
                                           James N. Lawlor, Esq.
                                           Lyndon M. Tretter, Esq. (pro hac vice)
                                           Joseph F. Pacelli, Esq. (pro hac vice)
                                           500 Fifth Avenue
                                           New York, New York 10110
                                           Telephone: (212) 382-3300
                                           Facsimile: (212) 382-0050
                                           pdefilippo@wmd-law.com
                                           jlawlor@wmd-law.com
                                           ltretter@wmd-law.com
                                           jpacelli@wmd-law.com

                                           **SKADDEN, ARPS, SLATE,
                                           MEAGHER & FLOM LLP**

                                           Allison M. Brown, Esq.
                                           Skadden, Arps, Slate, Meagher & Flom LLP
                                           One Manhattan West
                                           New York, New York 10001
                                           Telephone: (212) 735-3222
                                           Facsimile: (917) 777-3222
                                           Allison.Brown@skadden.com

                                           *ATTORNEYS FOR DEBTOR*